UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON DOUGLAS RICKMAN,

        Petitioner,

                                            CASE NO. 2:06-CV-15020
v.                                       HONORABLE GEORGE CARAM STEEH

THOMAS K. BELL,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

I.     Introduction

     This is a habeas case under 28 U.S.C. § 2254. Milton Douglas Rickman ("Petitioner"), a Michigan prisoner, pleaded guilty to armed robbery, assault with intent to rob while armed, felon in possession of a firearm, and possession of a firearm during the commission of a felony in the Wayne County Circuit Court in 2003. He was sentenced pursuant to a sentencing agreement to concurrent terms of 18 years to 28 years imprisonment on the robbery, assault, and felon in possession convictions and a consecutive term of two years imprisonment on the felony firearm conviction. In his *pro se* habeas corpus petition, Petitioner raises claims concerning his right to be present at a post-conviction hearing and the factual basis for his plea. Respondent has filed an answer to the petition contending that it should be denied. For the reasons set forth herein, the Court denies the petition for writ of habeas corpus.

II.  Facts and Procedural History

Petitioner's convictions in this case arise from an armed robbery and assault which occurred on February 24, 2003 in Detroit, Michigan. On November 19, 2003, Petitioner pleaded guilty to armed robbery, assault with intent to rob while armed, felon in possession, felony firearm, and being a fourth habitual offender pursuant to a *Cobbs* agreement in which the trial court agreed to sentence him to concurrent terms of 18 to 28 years imprisonment and a consecutive term of two years imprisonment on those offenses. This agreement was reached after Petitioner was convicted by a jury of armed robbery, unlawful driving away of an automobile, felon in possession, and felony firearm in another case before the same court, but prior to sentencing on those convictions.

During the plea colloquy, Petitioner acknowledged his understanding of the charges and possible sentences, which included a possible fourth habitual offender enhancement and a life sentence. Petitioner also stated that he understood the plea agreement and the rights that he was foregoing by pleading guilty. The trial court described the plea agreement as follows:

> Now, as I've indicated, I've done a preliminary evaluation of the possible sentence in this case, taking into consideration the information that I have available at this time and indicated to your attorney and to the prosecuting attorney that if a plea of guilty was entered on this case that the sentence would be 18 years to 28 years plus the additional two years for the felony firearm charge. All of the sentencing would run concurrent with the sentence that you would receive on the case that you were convicted by the jury.

11/19/03 Plea Hrg., pp. 7-8. Petitioner denied that any threats or that any promises, other than those contained in the plea agreement, had been made to induce him to enter his plea. He stated that he was pleading guilty of his own free will. Petitioner set forth the factual basis for the plea by answering questions posed by the trial court and the prosecutor. During this exchange,

Petitioner stated that he robbed one lady, taking her purse and Bible, and assaulted another lady at gunpoint. Petitioner admitted that he was a felon, had three prior convictions, and was not authorized to possess a weapon at the time he committed the crime. *Id*. at pp. 11-14. The parties agreed that a proper factual basis for the plea had been made and the trial court accepted the plea. During the same proceeding, the trial court sentenced Petitioner on his prior jury convictions.

On December 3, 2003, the trial court sentenced Petitioner to concurrent terms of 18 to 28 years imprisonment and a consecutive term of two years imprisonment in accordance with the plea agreement in the instant case.

Petitioner subsequently moved to withdraw his guilty plea asserting that it was illusory. Petitioner claimed that part of the plea bargain was that he would receive concurrent rather than consecutive sentences on his jury and plea-based convictions, but that he was never subject to consecutive sentencing, which made the plea illusory. The trial court conducted hearings on August 20, 2004 and September 17, 2004. At the first hearing, defense counsel waived Petitioner's presence. During that hearing, the trial court indicated that it did not believe that concurrent sentencing for the two cases was a promised part of the plea agreement, but agreed to conduct a further hearing with Petitioner and/or trial counsel present.

At the second hearing, the parties agreed that the sentencing guidelines called for a minimum sentence of nine to 30 years imprisonment and that the trial court imposed a minimum sentence of 18 years imprisonment in accordance with the *Cobbs* agreement. Trial counsel indicated that he did not have an independent memory as to whether concurrent sentencing was discussed, but stated that he did not think it was "the crux" of the plea bargain. Trial counsel

also noted that an assurance would still be a benefit because given the way the law changes, "it wouldn't hurt to have a guarantee." 9/17/04 Motion Hrg., pp. 5-6. Petitioner was not present for the hearing. The trial court determined that a promise of concurrent sentencing on the two cases was not part of the plea agreement and that the court's statements during the plea hearing regarding concurrent sentencing reflected applicable state law. The court denied the motion to withdraw the plea. Defense counsel then objected to Petitioner's absence at the hearing. The trial court found that Petitioner's presence was not required and concluded the hearing.

Petitioner subsequently filed an application for leave to appeal and a motion to remand with the Michigan Court of Appeals asserting that he was denied his right to be present at the post-conviction hearing conducted by the trial court. He also attempted to file a supplemental brief on appeal asserting that the trial court abused its discretion by failing to question him on the voluntariness and accuracy of his plea. The Michigan Court of Appeals rejected the supplemental pleading, and then denied leave to appeal and the motion to remand. *See People v. Rickman*, No. 259346 (Mich. Ct. App. April 19, 2005) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Rickman*, 474 Mich. 918, 705 N.W.2d 686 (2005).

Petitioner thereafter filed his federal habeas petition, raising the following claims:

I. The state court violated his due process right under the 14th Amendment by not bringing him back for the evidentiary hearing where his testimony was key to the court's determination.

II. His plea violates due process where the plea is involuntary and the court did not establish a factual basis for guilt.

Respondent has filed an answer to the petition contending that it should be denied because the claims are not fully exhausted and/or lack merit.

III. Analysis

    A. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed." Because the state appellate courts did not specifically address whether the alleged errors constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of the claims is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

    B    Exhaustion

As an initial matter, Respondent alleges that the petition should be dismissed because Petitioner failed to fairly present his second habeas claim to the Michigan Court of Appeals. A

prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989) (submission of claims to a state's highest court on discretionary review does not constitute fair presentation when such review is granted only upon "special and important reasons"). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The Court agrees that Petitioner did not fairly present this claim to the state courts given that the Michigan Court of Appeals rejected his supplemental filing. He has thus failed to fully exhaust his state court remedies as to this issue. Generally, a federal district court should dismiss a "mixed" habeas petition, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless

6

such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state remedies). A federal court also has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269 (2005).

In this case, the Court finds that the interests of justice would be best served by adjudicating Petitioner's habeas claims. Further attempts at exhaustion in the state courts are likely to be futile. Additionally, the unexhausted claim lacks merit and may be denied on the merits despite the lack of exhaustion. The Court will therefore proceed to the merits of Petitioner's claims.

      C.      <u>Right to Be Present Claim</u>

Petitioner first asserts that he is entitled to habeas relief because he was not personally present at a state post-conviction hearing concerning whether his guilty plea was illusory. The United States Supreme Court has recognized that a criminal defendant has a fundamental right to be present at all critical stages of trial. *See Rushen v. Spain*, 464 U.S. 114, 117 (1983); *see also United States v. Riddle*, 249 U.S. F.3d 529, 534 (6th Cir. 2001) (a criminal defendant has a constitutional right to be present at "all stages of the trial where his absence might frustrate the fairness of the proceedings"). This right is derived from the Due Process Clause of the Fifth and Fourteenth Amendments, as well as from the Sixth Amendment's Confrontation Clause. *See United States v. Gagnon*, 470 U.S. 522, 526 (1985).

When the defendant is not confronting witnesses or evidence again him, however, this

right is not absolute, but exists "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987) (citations and quotations omitted). The right to be present is not guaranteed "when presence would be useless, or the benefit but a shadow." *Id.*; *see also United States v. Brika*, 416 F.3d 514, 526 (6th Cir. 2005). A defendant's presence at a hearing is "largely a matter of form" when a defendant's lawyer is present at proceedings which raise largely legal issues. *Cathron v. Jones*, 190 F. Supp. 2d 990, 1001-02 (E.D. Mich. 2002). The United States Supreme Court has not specifically determined whether a defendant has a right to be present at a post-sentencing hearing on a motion to withdraw a guilty plea. At least some federal and state courts have rejected the notion. *See Spight v. Stovall*, No. 2:07-CV-14230, 2008 WL 2447151, *3 (E.D. Mich. June 18, 2008) (citing *Hunt v. United States,* 237 F.2d 267, 268 (4th Cir. 1956); *United States v. Shillitani*, 16 F.R.D. 336, 340 (S.D.N.Y. 1954); *People v. Alcorta*, 147 Mich. App. 326, 330, 383 N.W.2d 182 (1985)).

Having reviewed the record, the Court finds that Petitioner's presence was not constitutionally required at the post-conviction motion hearing. First, the hearing primarily involved an interpretation of the *Cobbs* agreement placed on the record during the plea hearing and whether that agreement was illusory, rather than Petitioner's subjective impressions. Second, Petitioner's trial counsel and appellate counsel were present at the hearing and the court was well aware of Petitioner's version of events. Third, neither the trial court nor the parties indicated that Petitioner's testimony was necessary to resolve the motion.[1] Fourth, the trial court

---

[1] In fact, appellate counsel waived Petitioner's presence at the initial hearing and only objected to his absence after the court issued its ruling.

decided the motion largely based upon its own interpretation of the plea bargain and record, with due consideration to trial counsel's recollection. Given such circumstances, the Court concludes that Petitioner's presence at the hearing would not have contributed to the fairness of the proceeding and that any benefit from his presence would have been "but a shadow."

Furthermore, even assuming that Petitioner had a right to be present at the motion hearing and that it was violated, he is still not entitled to relief because any error was harmless. For purposes of federal habeas review, a constitutional error that implicates trial procedures is considered harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also O'Neal v. McAninch*, 513 U.S. 432, 445 (1995) (habeas court should grant petition if it has "grave doubt" about whether trial error had substantial and injurious effect or influence upon jury's verdict). The denial of a defendant's right to be present at a critical stage of criminal proceedings is generally subject to harmless error review. *See Rushen*, 464 U.S. at 117-18 & n.2; *United States v. Toliver*, 330 F.3d 607, 611 (3rd Cir. 2003) (citing cases); *United States v. Harris*, 9 F.3d 493, 499 (6th Cir. 1993)); *see also Kentucky v. Stincer*, 482 U.S. at 745 (a defendant's constitutional rights are not violated "when presence would be useless, or the benefit but a shadow"). Petitioner has not shown that he was prejudiced by his absence at the second hearing on the motion to withdraw his guilty plea. Petitioner was represented by counsel and the issues raised at the hearing were largely legal questions. Moreover, the record indicates that Petitioner's plea was not illusory. By entering his plea, Petitioner eliminated his exposure to a 30-year minimum sentence and a maximum life sentence and guaranteed that his sentence would be 18 to 28 years imprisonment (plus two years). Petitioner received a benefit from his bargain.

9

Accordingly, it cannot be said that any error had a substantial effect or influence on the trial court's decision. Habeas relief is not warranted on this claim.

        D.        <u>Factual Basis/Involuntary Plea Claim</u>

Petitioner also asserts that he is entitled to habeas relief because his plea was involuntary as there was an insufficient factual basis for his plea. Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1). A violation of a state law procedural rule, however, does not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).[2]

Moreover, there is no federal constitutional requirement that a factual basis be established to support a guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 582 (E.D. Mich. 2001). The only constitutional requirement is that a plea be knowing, intelligent, and voluntary. *See United States v. Broce*, 488 U.S. 563 (1989). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). Having

---

[2]Nonetheless, the Court notes that a sufficient factual basis was placed on the record through Petitioner's responses to questions posed by the trial court and the prosecutor.

thoroughly reviewed the state court record, this Court is satisfied that Petitioner's plea meets that requirement. Habeas relief is not warranted on this claim.[3]

IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

Dated: August 18, 2008

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 18, 2008, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

[3]Petitioner relatedly asserts that trial counsel was ineffective for failing to object to the plea-taking process and that appellate counsel was ineffective for failing to argue trial counsel's effectiveness on appeal. Given that the record demonstrates that Petitioner's plea was voluntary and factually supported such that this claim lacks merit, Petitioner cannot establish that trial or appellate counsel were ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (a habeas petitioner must prove that defense counsel's performance was deficient and that he was prejudiced by counsel's conduct to prevail on an ineffective assistance of counsel claim).